UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY RESIDENTIAL MANAGEMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY FREYER,<br><br>    Defendant. | Case No. 4:17-cv-01471-KAW<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT; ORDER GRANTING IN FORMA PAUPERIS APPLICATION**<br><br>Re: Dkt. Nos. 1 & 3 |

On March 17, 2017, Defendant Zachary Freyer removed this unlawful detainer action from San Mateo County Superior Court, and applied to proceed *in forma pauperis*. (Not. of Removal, Dkt. No. 1; IFP Appl., Dkt. No. 3.)

As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court. Additionally, the Court grants Defendant's application to proceed *in forma pauperis.*

**I.    BACKGROUND**

Equity Residential Management, LLC commenced this unlawful detainer action against Defendant Zachary Freyer in San Mateo County Superior Court on or around January 23, 2017. (Not. of Removal at 2; Summons,[1] Dkt. No. 1 at 5.) The complaint contains a single cause of action for unlawful detainer. *Id.* The case is a "limited civil case," in which Plaintiff seeks immediate possession of a certain property located in Burlingame, California, which Defendant occupies. (*See* Three Day Not. to Pay Rent or Quit, Dkt. No. 1 at 6.)

---

[1] Defendant did not attach the complaint to the notice of removal. He did, however, attach the summons.

On January 5, 2017, Plaintiff allegedly served a written notice on Defendant to pay rent or quit within three days. *Id.* On January 23, 2017, Plaintiff filed the instant unlawful detainer suit in state court, and summons was issued. (Not. of Removal at 2; Summons, Dkt. No. 1 at 5.)  On February 22, 2017, Defendant filed an answer. (Dkt. No. 1 at 8.)  On March 17, 2017, Defendant removed the action to federal court on the grounds that it presents a federal question. (Not. of Removal at 2.)

## II.   LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a).  "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).  "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

### III.   DISCUSSION

Defendant removed this unlawful detainer action from San Mateo County Superior Court on the grounds that the district court has jurisdiction because the case presents a federal question.

#### A.   Federal Question Jurisdiction

Defendant claims that a federal question exists because Plaintiff allegedly served a defective three day notice to pay rent or quit, which he contends violates the Protecting Tenants at Foreclosure Act. (Not. of Removal ¶ 7.)  Defendant's rights in an unlawful detainer action, however, depend on the interpretation of state law.  Further, Defendant has not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law. In fact, it seems that any such showing is unlikely, as Plaintiff is presumably evicting Defendant to obtain possession of the premises following the nonpayment of rent. The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, the well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal.  *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).  Here, Defendant's claim that service of the three day notice was defective does not establish federal question jurisdiction in this matter.  Thus, Defendant's contention that there are federal questions at issue in this litigation is misplaced.

Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims.  *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963).  Thus, to the extent that Defendants' assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

#### B.   Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between .

. . citizens of different States." 28 U.S.C. § 1332(a). When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, Plaintiff's citizenship is unknown, and Defendant is a citizen of California. Thus, the forum defendant rule applies, and the action is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

### IV. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings. The Court GRANTS Defendant's request to proceed *in forma pauperis*.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: March 23, 2017

KANDIS A. WESTMORE
United States Magistrate Judge